IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EMERGENCY SERVICES OF OKLAHOMA, PC; OKLAHOMA EMERGENCY SERVICES, PC; SOUTH CENTRAL EMERGENCY SERVICES, PC; and EMERGENCY PHYSICIANS OF MID-AMERICA, PC,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED HEALTHCARE INSURANCE COMPANY; UNITED HEALTHCARE SERVICES, INC.; and UNITED HEALTHCARE OF OKLAHOMA, INC.,<br><br>Defendants. | Case No. CIV-19-00430-JD |

## **ORDER**

A review of the docket on this matter reveals that it is necessary to enter an order regarding filings. The Court has inherent authority to manage its docket so as to achieve the orderly disposition of cases. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). "There is strong precedent establishing the inherent power of federal courts to regulate the activities" of litigants by imposing "carefully tailored restrictions under the appropriate circumstances." *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986).

In this case, there are no current deadlines for the parties. There is a pending motion to dismiss [Doc. No. 4] and motion to remand [Doc. No. 27] that are awaiting the Court's disposition. The parties have filed multiple notices of supplemental authority, one of which has been stricken for improperly including argument, and each of which apparently encourages the other party to respond by filing another notice of supplemental

authority that includes argument. The Court is aware of the parties' pending motions and need not be apprised any time a nonbinding court rules on an issue that the parties believe is relevant to this case. The Court can and does survey relevant recent case law prior to making rulings. Indeed, the utility of such notices is likely diminishing with the development of the powerful research tools that courts employ today.

Notices of supplemental authority are allowed by local rule as a courtesy, and district judges have authority to waive any local rule. *See* LCvR1.2. The parties appear to be exploiting the notice allowance to effectively supplement their existing briefing, about which the Court has already warned against. *See* [Doc. No. 51]. Accordingly, the parties are **RESTRICTED** from filing any further notices of supplemental authority until the Court rules on the pending motion to dismiss and motion to remand. [Doc. Nos. 4, 27]. Filings submitted in violation of this Order will be stricken. Should a party need to alert the Court to binding, precedential authority, a party may file a motion requesting leave to file supplemental authority.

IT IS SO ORDERED this 17th day of May 2021.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE